Garry, J.
Appeal from a decision of the Workers’ Compensation Board, filed November 6, 2012, which denied claimant’s request for a variance.
Claimant sustained a work-related back injury in 1995. A claim was established in 2005, and liability was shifted to the Special Fund for Reopened Cases. Thereafter, claimant was determined to have a permanent total disability, and reasonable treatment was authorized. The Special Fund authorized several series of trigger point injections until January 2012, when it denied the request of claimant’s treating physician for further injections on the ground that they were inconsistent with the Workers’ Compensation Board Medical Treatment Guidelines and the opinion of the independent medical examiner. Following a hearing, the Workers’ Compensation Law Judge concluded that a variance from the Guidelines was appropriate and authorized further injections. In November 2012, the Workers’ Compensation Board reversed this determination, finding that a variance is not required for repeat injections when they are linked to subjective and objective improvements that materially affect a claimant’s condition, but that here, claimant’s physician had failed to sufficiently document the requisite improvements. Claimant appeals.
*1280 In April 2013, during the pendency of this appeal, the Board issued a new decision that “amends and supersedes” the November 2012 decision (Employer: Titan Express Inc., 2013 WL 1784247, *1, 2013 NY Wrk Comp LEXIS 3364, *1 [WCB No. 3041 0151, Apr. 17, 2013]). The April 2013 decision finds that a variance is required before claimant can receive additional injections, and that the variance request should not have been granted because claimant’s physician did not demonstrate that injections were medically necessary to maintain his level of functionality.* This Court did not learn that the April 2013 decision had been rendered until after the arguments upon this appeal were completed. There are unaddressed issues arising from these unusual procedural circumstances, specifically including the extent of the Board’s continuing jurisdiction to render the April 2013 decision, and whether this appeal has been rendered moot. We thus direct the parties to submit briefs on these issues, during which time the appeal will be held in abeyance.
Rose, J.E, Stein and Spain, JJ., concur. Ordered that the decision is withheld, and the parties are directed to file briefs within 30 days in accordance with this Court’s decision.

 Both the decision on appeal and the April 2013 decision additionally found that claimant’s physician had failed to demonstrate that alternative treatments were inappropriate.